UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON HINTZE,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>STEVE SISOLAK, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:22-cv-00436-MMD-CLB<br><br>ORDER |

On November 1, 2022, the Court screened Plaintiff Jason Hintze's civil-rights complaint, finding that he stated a colorable conditions-of-confinement claim. (ECF No. 6 at 14.) The Court dismissed the remaining claims with leave to amend and denied without prejudice Hintze's motion for appointment of a guardian *ad litem* and/or counsel. (*Id.*) The Court gave Hintze until December 2, 2022, to file an amended complaint. (*Id.*) On November 9, 2022, Hintze moved for an extension of time to file his amended complaint. (ECF No. 8 at 1.) He also moved for reconsideration of the denial of his request for appointment of a guardian *ad litem* and/or counsel.[1] (*Id.* at 2-6.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court

---

[1] Hintze's motion for reconsideration was inadvertently filed in the same docket entry as his motion for an extension of time. (ECF No. 8 at 2-6.) Below, the Court directs the Clerk of Court to file the motion for reconsideration as a separate docket entry.

already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

Hintze contends that, in denying his request for a guardian *ad litem* and/or counsel, the Court ignored that he suffers from long COVID and is "currently struggling to get adequate, balanced prescriptions of psychotropic drugs" for his bipolar disorder. (ECF No. 8 at 3-4.) Even accepting these assertions as true, they do not raise a "substantial question" concerning Hintze's mental competence. *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017). Hintze does not elaborate on the symptoms he is experiencing as a result of his long COVID. Nor does he explain how his mental health has been affected by his difficulties in obtaining "adequate, balanced prescriptions" for his bipolar disorder. In short, nothing in Hintze's motion for reconsideration alters the Court's conclusion that he has failed to present any evidence suggesting an "inability to comprehend or competently participate in court proceedings." *Kuzmicki v. Hanrahan*, Case No. 3:17-cv-00342-RCJ-VPC, 2018 WL 2088745, at *3 (D. Nev. May 4, 2018), *adopted by* 2018 WL 3577246 (D. Nev. July 25, 2018). Thus, there is no basis to reconsider the Court's denial without prejudice of Hintze's request for appointment of a guardian *ad litem* and/or counsel.

Hintze separately moves for an extension of time to file his amended complaint. (ECF No. 8 at 1.) He seeks to extend the deadline to March 1, 2023, citing the need to "consult with his inmate assistant, conduct research, and attempt to obtain counsel." (*Id.*) Good cause appearing, the Court grants Hintze's request in part. Hintze must file his amended complaint on or before January 17, 2023.

It is therefore ordered that Hintze's motion for reconsideration (ECF No. 8) is denied.

It is further ordered that Hintze's motion for an extension of time (ECF No. 8) is granted in part. Hintze must file his amended complaint on or before January 17, 2023.

///

///

The Clerk of Court is directed to file Hintze's motion for reconsideration (ECF No. 8 at 2-6) as a separate entry on the docket.

DATED THIS 14th Day of November 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE