UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON HINTZE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVE SISOLAK, *et. al.*,<br><br>　　　　　　Defendants. | Case No. 3:22-CV-00436-MMD-CLB<br><br>**ORDER DENYING RENEWED MOTION TO APPOINT GUARDIAN *AD LITEM* AND/OR COUNSEL**<br><br>[ECF No. 44] |

Before the Court is Plaintiff Jason Hintze's renewed motion for appointment of guardian *ad litem* and/or counsel. (ECF No. 44.) No response was filed. For the reasons discussed below, the renewed motion for appointment of guardian *ad litem* and/or counsel, (ECF No. 44), is denied.

Plaintiff previously filed two motions for appointment of guardian *ad litem* and/or counsel in this case, (ECF Nos. 1-2, 15), which were each denied, (ECF Nos. 6, 16.) Plaintiff again requests appointment of both a guardian *ad litem* and counsel. (ECF No. 44.) Each request is discussed in turn.

First, as to Plaintiff's request for appointment of a guardian *ad litem*, that request is denied. "The court must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "Ordinarily, when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian *ad litem* can be appointed, if necessary." *Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (internal quotation marks and citation omitted). However, "in the absence of verifiable evidence of incompetence, there is no substantial question regarding [a] [p]laintiff's competence and therefore no duty of inquiry." *Dillingham v. Emerson*, Case No. 1:18-cv-00507-AWI-SAB, 2020 WL 7050032, at \*2 (E.D. Cal. June 12, 2020).

1    Here, Plaintiff has failed to raise a "substantial question" regarding his mental competence. *Harris*, 863 F.3d at 1138. While Plaintiff states that his mental health records necessitate a competency hearing, this is insufficient to satisfy his burden because it does not suggest an "inability to comprehend or competently participate in court proceedings." *Kuzmicki v. Hanrahan,* Case No. 3:17-cv-00342-RCJ-CLB, 2018 WL 2088745, at *3 (D. Nev. May 4, 2018), adopted by 2018 WL 3577246 (D. Nev. July 25, 2018). Because Plaintiff has failed to raise a substantial question regarding his competency, the Court need not conduct a hearing on the matter at this time and his request is denied.

Next, moving to Plaintiff's request for counsel, there is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due

to their complexity. *Id.*

Exceptional circumstances do not exist in this instance. First, Plaintiff makes no argument as to the likelihood of success on the merits. As to the second prong, Plaintiff's lack of legal knowledge and experience is unexceptional compared to most prisoner civil rights cases. Plaintiff's claims related to mental health conditions do not create an exceptional circumstance for the appointment of counsel. Many *pro se* litigants in civil rights actions suffer from some sort of mental and/or physical condition. Plaintiff has not pointed to any evidence or issues that make his conditions or difficulties any different from the similar types of difficulties all litigants face when proceeding *pro se*. These issues do not qualify as exceptional circumstances for purposes of appointing counsel. *Wood*, 900 F.2d 1332 at 1335-36.

Accordingly, Plaintiff's motion to appoint guardian *ad litem* and/or counsel, (ECF No. 44), is **DENIED**.

Finally, briefing on the motion for summary judgment was stayed pending briefing and resolution of the renewed motion to appoint guardian *ad litem* and/or counsel. (ECF No. 45.) In light of this order, briefing shall resume. Plaintiff shall file a response to the motion for summary judgment and motion to seal by no later than **May 16, 2024**. Any reply shall be filed by no later than **May 30, 2024**.

**IT IS SO ORDERED.**

**DATED**: April 16, 2024

_____
**UNITED STATES MAGISTRATE JUDGE**

3