UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON HINTZE,<br><br>　　　　　　Plaintiff,<br>　v.<br>STEVE SISOLAK, *et al*.,<br><br>　　　　　　Defendants. | Case No. 3:22-cv-00436-MMD-CLB<br><br>ORDER |

Before the Court is *pro se* Plaintiff Jason Hintze's objection to Magistrate Judge Carla Baldwin's order (ECF No. 46) denying Plaintiff's renewed motion for appointment of guardian *ad litem* and/or counsel. (ECF No. 47 ("Objection").) The Court has also reviewed Defendants' response (ECF No. 48). Plaintiff previously filed two motions for appointment of guardian *ad litem* and/or counsel (ECF Nos. 1-2, 15), each of which were denied (ECF Nos. 6, 16). Because Judge Baldwin's pretrial ruling was not clearly erroneous or contrary to law, the Court overrules Plaintiff's Objection.

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). In his Objection, Plaintiff argues that Judge Baldwin erred in failing to find that a competency hearing is warranted in this action. (ECF No. 47 at 3.) Specifically, he argues that Judge Baldwin failed to review the mental health records submitted as a sealed exhibit to Defendants' motion for summary judgment (ECF No. 40-1), and that these records create at least a substantial question as to Plaintiff's competency. (ECF No. 47 at 3.) *See Harris v. Mangum*, 863 F.3d 1133, 1138 (9th Cir. 2017) (internal quotation

marks and citation omitted) ("Ordinarily, when a substantial question exists regarding the mental competence of a party proceeding pro se, the proper procedure is for the district court to conduct a hearing to determine competence, so a guardian *ad litem* can be appointed, if necessary."); *Dillingham v. Emerson*, Case No. 1:18-cv-00507-AWI-SAB, 2020 WL 7050032, at *2 (E.D. Cal. June 12, 2020) (noting that "in the absence of verifiable evidence of incompetence, there is no substantial question" to decide in a competency hearing). Here, the Court finds that Judge Baldwin did not err in determining that a competency hearing is unwarranted. While Plaintiff states that "[n]owhere in [her] order does the magistrate judge reference the mental health records" (ECF No. 47 at 3), Judge Baldwin in fact specifically discusses the records and notes that they are inadequate to satisfy Plaintiff's burden, given that they do not support his inability to comprehend or participate in Court (ECF No. 46 at 2). Upon review of the relevant mental health records, the Court agrees that Judge Baldwin made a reasonable determination as to Plaintiff's capacity for comprehension.

Plaintiff does not object to the portion of Judge Baldwin's ruling that pertains specifically to appointment of counsel. (ECF No. 46 at 2-3.) *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that appointment of counsel is appropriate in only "exceptional circumstances"). For this reason, and because Plaintiff has failed to otherwise show exceptional circumstances justifying appointment of counsel, the Court does not disturb Judge Baldwin's ruling. *See* LR IB 1-3.

Finally, Plaintiff notes that Defendants' motion for summary judgment (ECF No. 38) is currently pending before the Court, and that Plaintiff's response deadline is set for May 16, 2024. (ECF No. 47 at 5.) Hintz requests that the Court stay briefing on Defendants' motion, pending resolution of his Objection. (*Id.*) The Court will extend the deadline for Plaintiff's response to Defendants' motion for summary judgment for 30 days. The new response deadline is June 17, 2024.

It is therefore ordered that Plaintiff's Objection (ECF No. 47) to Judge Baldwin's order is overruled.

| | |
|---|---|
| 1 | It is further ordered that the deadline for Plaintiff to file a response to Defendants' |
| 2 | motion for summary judgment (ECF No. 38) is extended until June 17, 2024. |
| 3 | DATED THIS 13th Day of May 2024. |
| 4 | |
| 5 | _____<br>MIRANDA M. DU |
| 6 | CHIEF UNITED STATES DISTRICT JUDGE |