UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON HINTZE,<br><br>                     Plaintiff,<br><br>v.<br><br>STEVE SISOLAK, *et. al.*,<br><br>                     Defendants. | Case No. 3:22-CV-00436-MMD-CLB<br><br>**ORDER DENYING<br>MOTION FOR APPOINTMENT OF<br>COUNSEL FOR LIMITED PURPOSES OF<br>SETTLEMENT NEGOTIATIONS**<br><br>[ECF No. 56] |

        Before the Court is Plaintiff Jason Hintze's motion for appointment of counsel for the limited purpose of settlement negotiations. (ECF No. 56.) For the reasons discussed below, the motion for appointment of counsel, (ECF No. 56), is denied.

        There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

        A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such

a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The motion for appointment of counsel requests appointment of counsel for the limited purpose of settlement negotiations. (ECF No. 56.) Plaintiff states his case is exception as he survived summary judgment and "the district judge overruled the magistrate judge's Report & Recommendation (ECF No. 54) sua sponte." (*Id.* at 2.) Plaintiff further states that there is a reasonable probability that he will succeed on the merits of his claims and the case is complex. (*Id.* at 3.)

The enumerated reasons that Plaintiff claims warrant counsel do not rise to the level of exception circumstances. Plaintiff has not demonstrated that his case is complex, and in fact, his claims do not involve particularly complex issues, nor will they require expert assistance to understand. Moreover, throughout the pendency of this action, Plaintiff has demonstrated that he can articulate his claims to the Court. To the extent Plaintiff contends that he has limited knowledge in these types of proceedings, such lack of education and experience is unexceptional compared to most prisoner civil rights cases. Accordingly, because Plaintiff has not demonstrated exceptional circumstances, the Court **DENIES** the motion. (ECF No. 56.)

**DATED**: October 15, 2024

_____
UNITED STATES MAGISTRATE JUDGE